UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHIGNTON

| UNITED STATES OF AMERICA, | No. 2:16-PO-0198-JTR |
|---|---|
| Plaintiff, | |
| v. | ORDER REGARDING MOTIONS IN LIMINE, MOTIONS TO DISMISS, AND MOTIONS TO EXCLUDE |
| ROBERT M. WAGGY, | |
| Defendant | |

**THIS MATTER** came before the Court on July 24, 2017, for a pretrial conference. Defendant was present and represented by Assistant Federal Defender Benjamin Flick and Assistant Federal Defender Daniel N. Rubin. Assistant U.S. Attorney Timothy J. Ohms represented the United States.

## BACKGROUND

Defendant was charged by Amended Information[1] on November 23, 2016 with a violation of 18 U.S.C. § 13 and Wash. Rev. Code § 9.61.230. In order to establish a violation of Wash. Rev. Code § 9.61.230, the United States must prove the following elements beyond a reasonable doubt at trial: (1) that Defendant made a telephone call to any other person with the intent to harass, intimidate, torment, or embarrass said person; and (2) in making this call, Defendant used any

---

[1] Defendant was later charged via Second Amended Information in ECF No. 83 on July 27,2017, after this hearing concluded.

ORDER . . . - 1

lewd, lascivious, profane, indecent, or obscene words or language, or suggested the commission of any lewd or lascivious act; or anonymously or repeatedly or at an extremely inconvenient hour, whether or not conversation ensues; or threatened to inflict injury on the person or property of the person called or any member of his or her family or household; and (3) that Defendant was within the Eastern District of Washington while engaged in the prohibited conduct.

## DEFENDANT'S MOTIONS TO DISMISS

### A. Failure to State Offense

Defendant moves this Court to dismiss the case based on an alleged fatal flaw in the charging document[2]. ECF No. 15. Defendant argues that the charging statute, Wash. Rev. Code § 9.61.230(1), requires that Defendant be charged with forming the specific intent to harass a *specific* individual, not a general category of persons (i.e. "employees"). Defendant also argues that this lack of specificity violates FED. R. CRIM. P. 7(c)(1) which requires an information to be a plain, concise, and definite written statement of the essential facts constituting the offense. Finally, Defendant argues that the categorical reference to "employees" instead of specific persons raising double jeopardy concerns.

The United States responds that the phrase used in the information is identical to language that was used in jury instructions in a lower court case that was later upheld as constitutionally sufficient by an en banc review of the Washington State Supreme Court. As to the other concerns raised by Defendant, the United States suggests that if this Court finds it necessary, it can direct the government to file a bill of particulars pursuant to FED. R. CRIM. P. 7(f). The United States argues that this is the proper remedy, not a dismissal of the Information.

---

[2] Defendant erroneously states the date is November 18, 2017 when the correct date of the Amended Information was **November 23, 2017**.

ORDER . . . - 2

Defendant replies that a bill of particulars would not cure the defects in the Information and requests that, at a minimum, this Court direct the United States to amend the Information to identify the specific people in separate counts.

Under Wash. Rev. Code § 9.61.230, "the person called must be the same person threatened." *State v. Lilyblad*, 177 P.3d 686, 689 (Wash. 2008) (en banc). The Washington State Supreme Court has determined that the proper interpretation of the statute requires that "regardless of how the intent is carried out, the intent to harass must have formed at the same time when the decision is made to use the telephone." *Id*. at 691. The purpose behind this logic is that if a call is accepted by the recipient and legitimate conversation ensues, then the call itself is not unwanted nor intrusive and thus is not subject to the kind of conduct contemplated by the statute. *Id*.

In *State v. Sloan*, the Washington Court of Appeals, Division 2, had the occasion to consider the sufficiency of an information charging a defendant with the language "did make a telephone call to Anna Sloan and/or Kandice Shulte." 205 P.3d 172, 175 (Div. 2 2009). The Court found that information as written contained all essential elements of the statute and the facts supporting those elements and was therefore not constitutionally defective.

The United States charged Defendant via Second Amended Information on July 27, 2017, after this hearing concluded but before the Court issued its ruling. ECF No. 83. Therefore, **IT IS ORDERED**, that the motion, **ECF No. 48**, is **DENIED as moot**. The Second Amended Information specifies the individuals allegedly called by Defendant, by their first and last initial. The Second Amended Information is adequate if it sufficiently identifies the specific alleged victims, albeit outside of the public record.

**B.  Violation of First Amendment**

Defendant requests this Court dismiss the Information against him with prejudice, alleging that the United States is infringing on Defendant's First

Amendment rights by charging him for calls made during business hours to a business, not to individuals in their homes, as contemplated by the statute. Defendant asserts that the government's right to control speech in the manner of the statute as issue is limited to the home, where an individual's right to privacy is paramount. Defendant further argues that an expansion of application of this statute to the business sector would result in a dangerous precedent for the future and may deter veterans from complaining about substandard medical care to their sole healthcare provider.

The United States responds by defending the constitutionality of the statute and asserting a distinction between "harassment" and "speech." The United States relies on *State v. Dyson*, in which the Washington Court of Appeals upheld this statute against an overbreadth challenge, reasoning that the statute regulated conduct, not regulating speech itself. The United States also distinguishes the present case from the case cited by Defense in *City of Everett v. Moore*, 683 P.2d 617 (Div. 1 1984). The United States argues that *Moore* is far removed in content from the case at bar and should not bear on this Court's analysis.

Defendant replies that the United States has failed to show that VA employees have a legitimate expectation of privacy in the workplace. Defendant argues that without a privacy interest, the attempted regulation of speech by the United States violates Defendant's First Amendment Rights.

The motion to dismiss, **ECF No. 47**, is **DENIED**. The telephonic communication alleged in this case is not in a public forum. This characterization justifies the government's interest in regulating the speech in question. First, this is an assimilated crimes charge, meaning that it can only be charged if it is a crime under the law of Washington, and Washington courts have determined telephone conversations to be private. *See City of Seattle v. Huff*, 767 P.2d 572 (Wash. 1989) (en banc). Second, the United States Supreme Court has said that the First Amendment does not make property "public" simply because it is owned or

controlled by the government, nor does the government intend to create a public forum when the nature of the property is inconsistent with expressive activity. *Cornelius v. NAACP Legal Def. and Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985). Finally, the words alone are not adequate for conviction, they must be uttered with the specific intent to "harass intimidate, torment or embarrass," and thus the statute punishes the conduct, not the words themselves.

## DEFENDANT'S MOTIONS IN LIMINE

**A.     Undisclosed Evidence**

Defendant[3] requests that, pursuant to FED. R. CRIM. P. 16, the Court exclude the admission of any evidence disclosed by the United States to Defendant after the May 1, 2017 discovery deadline. Defendant argues that there is insufficient time to investigate any newly disclosed evidence this close to trial.

The United States responds that its duty under FED. R. CRIM. P. 16 is a continuing duty to disclose evidence promptly. The United States further responds that this rule provides enough flexibility to allow the government to continue its investigation so long as any material evidence that results is promptly disclosed to the opposing party. The United States suggests that a continuation of the trial date rather than exclusion of evidence is the more appropriate remedy.

FED. R. CRIM. P. 16 generally provides that parties adequately and timely notify the opposing party of evidence they seek to use in the upcoming trial. A violation of this notice requirement may be material or immaterial, willful or unintentional, and the remedies for violation of the rule depend on these and other circumstances. Where the violation is unintentional, Rule 16 allows a Court to "order a violating party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such

---

[3] Defendant incompletely cites to a case named United States v. Hernandez-Meza. The full cite is **720 F.3d 760**, 768-69 (9th Cir. 2013).

ORDER . . . - 5

other order as it deems just under the circumstances." *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (internal quotes omitted). Exclusion, on the other hand, is the appropriate remedy for a violation where "the omission was willful and motivated by a desire to obtain a tactical advantage." *Id*. (quoting *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)).

Here, Defendant is requesting for a blanket order prohibiting the admission of evidence not yet disclosed. This request appears contrary to the policy of Rule 16 because it circumvents the notice element of the Rule and does not provide the United States time to comply or not with the actual requirements of the Rule.

Therefore, the motion, **ECF No. 49**, is **DENIED with leave to renew**, as it is premature. Should specific, recently disclosed evidence be offered and objected to, the Court will rule at that time, in the context of circumstances then presented.

**B.    Criminal History**

Defendant requests that, should he testify at trial, that all three of his prior felony convictions be excluded under FED. R. EVID. 609(a)-(b). Defendant argues that the 2008 harassment conviction, though it falls within the 10 year "lookback" period, should be excluded because the United States cannot show under the Ninth Circuit's five factor test that the probative value outweighs its prejudicial effect. Defendant further argues that his 2005 harassment threat to kill conviction and his 2000 rape of a child and child molestation convictions should be excluded because they fall outside of the 10 year lookback period and their prejudicial effect significantly outweighs their probative value.

The United States responds that it will seek to use the 2009 and 2005 harassment convictions, but not the 2000 rape and molestation convictions, if the Defendant takes the stand. The United States argues that for both convictions, the probative value outweighs the prejudicial effect. The United States further argues that these convictions would be admissible under FED. R. EVID. 404(b) and such admission would mitigate any prejudicial effect. Finally, while the United States

agrees not to offer the 2000 convictions for rape and molestation of a child, they would still seek permission to admit the fact that Defendant is a convicted felon for impeachment purposes.

Defendant replies by asserting that the United States still cannot show that a balance of the five factor test weighs in favor of admission. Further, Defendant raises the concern that admission of these convictions will lead a jury to convict on the theory of "he did it once, he did it again" which would result in a miscarriage of justice.

Under FED. R. EVID. 609(a)(1)(B), a testifying defendant's character for truthfulness may be impeached by criminal conviction if the conviction was for a felony, no older than ten years, and the probative value of the evidence outweighs its prejudicial effect to that defendant. The Ninth Circuit employs a five factor test for determining the probative value versus the prejudicial effect of such convictions. *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) Courts are directed to consider and balance the following: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the defendant's subsequent criminal history; (3) the similarity between the past and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of the credibility issue. *Id*.

Where a balance of these factors results in a "close call," the Ninth Circuit has recommended courts err on the side of excluding the conviction, with "a warning to the defendant that any misrepresentation of his background on the stand will lead to admission of the conviction for impeachment purposes." *United States v. Teall*, 2015 WL 3948509, 4 (D. Idaho, 2015) (citing *United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979) *overruled on other grounds in Luce v. United States*, 469 U.S. 38 (1984)).

Because of the nature of the instant charges and the similarity of the prior harassment convictions, the Court finds the prejudicial effect outweighs the

ORDER . . . - 7

probative value. Therefore, the 2005 and 2008 convictions will not be admitted for impeachment if Defendant chooses to testify. Further, because of the age and the salacious nature of the Child Rape and Molestation convictions, these will not be admitted for impeachment if Defendant testifies.

The government is permitted to impeach Defendant, if he testifies, by asking if he has been convicted of "a felony." This ruling is subject to modification if Defendant puts his criminal record in issue.

The Defendant's motion, **ECF No. 50**, is **GRANTED**.

### C. Rule 404(b) Evidence

Defendant requests that, pursuant to FED. R. EVID. 404(b), the Court preclude any evidence of Defendant's prior convictions and of prior exchanges between Defendant and VA personnel: specifically, (1) Defendant's 2005 harassment conviction; (2) Defendant's 2008 harassment conviction; (3) Threatening statements made by Defendant at a private physician's office in 2012; (4) June 2012 Statements made to VA personnel; (5) June 2012 letter from Defendant to US Attorney Mike Ormsby; (6) June 2012 call to VA; (7) August 2012 call to VA; (8-10) Voicemails left with VA; and (11) a November 17, 2016 telephone call to VA. Defendant's primary argument is that these facts are being offered to prove propensity and that the risk of prejudice to Defendant by these facts is extremely high.

The United States responds that it offers this "other act" evidence to provide context and to be able to cogently present its theory of the case. Primarily, the United States argues that this other act evidence is necessary to show intent, motive, and knowledge that Defendant's intent was to harass members of the VA. In the alternative, the United States argues that the other act evidence is inextricably intertwined because the contact at issue references previous actions or conduct by Defendant.

//

ORDER . . . - 8

Defendant's reply asserts that the government's response only clarifies the Defendant's contention that this is propensity, not other bad acts evidence. Defendant argues that the issue of intent only pertains to the instant conduct charged and that any "other acts" evidence bears in no way on Defendant's intent at the time of the alleged offense.

When evaluating admissibility under Rule 404(b), the Ninth Circuit has developed a four-part test to determine whether or not exclusion is proper. Evidence of a prior act may be admitted if "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the act is similar to the offense charged." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994). The rule is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged. *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003); *Vizcarra-Martinez*, 66 F.3d at 1012-1013 (evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as a basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime"). If the Court finds the evidence passes the Rule 404(b) test, it may still be inadmissible if its probative value is substantially outweighed by the risk of unfair prejudice. *See* FED. R. EVID. 403; *United State v. Ramirez-Jiminez*, 967 F. 2d 1321, 1327 (9th Cir. 1992).

Since the charge requires proof of specific intent to "harass, intimidate, torment or embarrass," to establish knowledge, or lack of accident or mistake, the United States may introduce the facts of prior incidents of Defendant's telephonic contact with the *Veteran's Administration* that was *related to his medical care* and *of a harassing nature*. Admission of this other act evidence is admitted upon

ORDER . . . - 9

proper notice to the Defendant, with the proper evidentiary foundation. Whether Defendant was convicted of a crime in relation to such conduct is immaterial and inadmissible. Therefore, Defendant's motion, **ECF No. 51**, is **DENIED**.

D.   **Vouching and Improper Statements, Backdoor Character Evidence, and Hybrid Witnesses**

In its motion *in limine* to prohibit "vouching," Defendant requests that the Court preclude the government from commenting on "overwhelming evidence," from using "we know" in closing, from suggesting that if Defendant is innocent than government witnesses must be lying, and, finally, from urging a conviction to protect the community.

In its motion *in limine* to prohibit backdoor character evidence, Defendant requests the Court to direct the United States to instruct its witnesses to avoid inserting character evidence about Defendant in their responses.

In its motion *in limine* to prohibit the so-called "hybrid" witnesses, Defendant requests that officer testimony be limited to either expert testimony or lay opinion testimony, but not both. Defendant is concerned that if an officer is allowed to testify as an expert to the general nature of criminal activity and then also testify to his experience of the facts in issue, that this testimony would take out of the hands of the jury the role of piecing together and drawing its own conclusions about the evidence.

The United States responds to the above motions in a single pleading. As to the issue of vouching, the United States acknowledges its obligation to avoid vouching but suggests that the proper method for challenging this action is by objection at trial rather than in a pretrial motion. Regarding the issue of backdoor character evidence, the United States represents that to the extent that any evidence is excluded by this Court, that the government will seek to ensure compliance this Court's order. Finally, regarding the issue of hybrid witnesses, the United States represents that it does not intend to call any expert witnesses at trial.

Vouching, or bolstering, occurs when the government places the prestige of the office behind a witness through "personal assurance of the witness's veracity or [by] suggesting that information not presented to the jury supports the witness's testimony." *United States v. Weatherspoon*, 410 F.3d 1142, 1146 (9th Cir. 2005). Generally, testimony regarding the credibility of a witness is prohibited unless it is otherwise admissible as character evidence. *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002).

Defendant's motions, **ECF No. 52, 53, 54**, are **DENIED with leave to renew**. Should specific evidence of this nature be offered and objected to at trial, the Court will rule based on the circumstances presented at that time.

## THE GOVERNMENT'S MOTIONS IN LIMINE

### A. Motion to Exclude Evidence

The United States requests that the Court exclude any evidence relating to Defendant's helicopter crash from nearly 30 years ago as well as his "Certificate of Release or Discharge from Active Duty" which contains a summary of Defendant's past military experience as well as a summary of conditions the Defendant suffered from in 1997. The United States argues that this evidence is not relevant to the case at bar and even if the Court found otherwise, that such evidence should be excluded under FED. R. EVID. 403 as unduly prejudicial (garnering sympathy).

Defendant responds that the cause of his medical conditions support the defense that he was calling the VA with a legitimate purpose of discussing his medical bills and medical care, not with the illegitimate purpose to harass. Defendant rejects the offer of a stipulation to his medical conditions and asserts his right to prove his own case.

Because this case largely involves Defendant's demands for care or payment from the VA, and because no party disputes his legitimate medical condition and

//

ORDER . . . - 11

need for care, the evidence in question is irrelevant and likely to confuse the issues before the jury.

The United States' motion, **ECF No. 71**, is **GRANTED**. The photographs are inflammatory and duplicative of uncontested facts. There is no dispute as to Defendant's injuries, his medical needs, or the obligation of the Veteran's Administration to address those needs. The packet of photographs and newspaper clippings of the helicopter crash marked at ECF No. 77 will be excluded. Defendant remains free to assert his medical needs as they may bear upon the alleged conduct.

Additionally, Defendant's Motion to reconsider this issue, **ECF No. 79**, is **DENIED** for the same reasons set forth above.

Trial is scheduled to commence on **Monday, August 7, 2017 at 9:00 a.m.** in Spokane, Washington.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and furnish a copy to counsel.

DATED August 2, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER . . . - 12