UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. WAGGY,<br><br>Defendant. | No. 2:16-PO-00198-JTR-1<br><br>ORDER MEMORIALIZING RULING ON MOTION |

This matter came before the Court for hearing pursuant to Defendant's Fed. R. Crim. P. 29 Motion and Motion for Acquittal. ECF No. 124. This Court held a hearing on the motion on September 26, 2017. Defendant was present, out of custody, with Assistant Federal Defender Benjamin Flick and Assistant Federal Defender Daniel N. Rubin. Assistant United States Attorney Timothy J. Ohms represented the United States.

Defendant's Rule 29 motion is directed to the sufficiency of the evidence in Count 3, specifically whether at the close of the government's evidence there was sufficient evidence for a finder of fact to determine beyond a reasonable doubt that Defendant violated the statute. Defendant argues that his use of the "F word" is protected speech, and cannot be punished as criminal conduct.

Defendant's separate motion for judgment of acquittal on Counts 3 and 4 similarly sounds in the right of free speech, and urges the Court to find that both Defendant's vocabulary and the opinions espoused were constitutionally protected, and that therefore the First Amendment prohibits using these statements to support a criminal conviction.

ORDER - 1

This is an assimilated crimes case. Accordingly the Court has considered the Wash. Rev. Code § 9.61.230, which is the "telephone harassment" statute defendant is charged with violating. The Court has also considered the evidence presented to the jury at trial, and the briefs and argument of counsel. The Court has previously, and again here, notes that the statute does not punish speech *per se*, but rather *conduct* and *intentions* which may be, but are not required to be, evidenced by spoken words.

Accordingly Defendant's First Amendment arguments must fail. The Court finds that the evidence regarding Count 3 of the Second Amended Information is sufficient for a jury to find guilt beyond a reasonable doubt, and is not Constitutionally infirm. Wash. Rev. Code § 9.61.230 is not unconstitutional as applied to Defendant.

**IT IS ORDERED**, that Defendant's motion, **ECF No. 124**, is **DENIED**.

DATED October 2, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE